**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARTHA L. ROBLES,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-844E-22-0010-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: April 3, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

James D. Muirhead, Esquire, Hackensack, New Jersey, for the appellant.

Shaquita Stockes and Heather Dowie, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for disability retirement under the Federal Employees' Retirement System (FERS).　For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision,

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a Constituent Services Representative for the U.S. House of Representatives until she was removed effective August 31, 2019. Initial Appeal File (IAF), Tab 4 at 18, 133. She applied for disability retirement at some point between January and February 2020. *Id.* at 128-32. In her statement of disability, the appellant asserted that she suffered from "severe stress, vasovagal syncope, depression, anxiety, panic disorder, asthma, [a] peptic ulcer, and high blood pressure." *Id.* at 81. On July 23, 2020, OPM issued an initial decision denying the appellant's application for FERS disability retirement benefits after finding that she did not meet all the criteria for disability retirement. *Id.* at 63-67. The appellant requested reconsideration of the initial decision. *Id.* at 46-47. On October 6, 2021, OPM issued a reconsideration decision sustaining its initial decision. *Id.* at 6-9.

The appellant filed an appeal with the Board challenging OPM's final decision and requesting a hearing. IAF, Tab 1 at 2, 8. Following a telephonic hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 14, Tab 18, Initial Decision (ID) at 1, 6. The administrative judge found that the appellant failed to prove her entitlement to disability retirement benefits by preponderant evidence. ID at 6. She reasoned that "[the appellant] was treated for multiple conditions.. . .[but] [i]t was not an inability to carry out the functions of [the Constituent Services Representative] position that led to her removal." *Id.*

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity under FERS, an appellant must establish the following elements: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; 5 C.F.R. § 844.103(a).

The Board has found that job-related stress resulting in physical and mental ailments that prevent an employee from performing the duties necessary in her job can warrant the granting of disability retirement. *Smith v. Office of Personnel Management*, 100 M.S.P.R. 500, ¶ 5 (2005). An applicant may demonstrate eligibility for disability retirement under FERS in one of two ways: (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS). Under the first method, an individual can establish entitlement by showing that

the medical condition affects her ability to perform specific work requirements, prevents her from being regular in attendance, or causes her to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of setting. *Id.* In determining an appellant's entitlement to disability retirement, the Board considers all pertinent evidence, including objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of her condition on her ability to perform the duties of her position. *Id.*, ¶ 19. The ultimate question, based on all relevant evidence, is whether the appellant's medical impairments preclude her from rendering useful and efficient service in her position. *Id.*, ¶ 20.

On review, the appellant contends that the administrative judge failed to consider her testimony and relevant subjective evidence that she became disabled for her job as a Constituent Services Representative. PFR File, Tab 1 at 7-9. We agree. In the initial decision, the administrative judge summarized some of the relevant evidence and testimony and concluded that the appellant failed to meet her burden of proof. ID at 3-5. However, the administrative judge failed to provide any analysis of the evidence and testimony in support of her conclusion. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). Therefore, remand is appropriate.

Although not raised on review, the official record of the March 22, 2022 telephonic hearing has been lost due to a technical error and cannot be recovered. PFR File, Tab 3. The Board has found that, when the verbatim hearing record omits material evidence necessary to adjudicate an appeal, the evidence must be taken again. *Walker v. Office of Personnel Management*, 52 M.S.P.R. 101, 104

(1991). According to the appellant, "[she] testified at length about the problems she was having at work," including that she had multiple fainting episodes, vertigo episodes, and visits to the hospital. PFR File, Tab 1 at 7. Without the recording, the appellant's argument that the administrative judge's determination failed to consider her testimony and subjective evidence is essentially unreviewable. Thus, because the record contains material omissions of evidence necessary for the just adjudication of the appeal, it must be remanded for rehearing and a new initial decision. *See Smith*, 100 M.S.P.R. 500, ¶ 6; *see also Walker*, 52 M.S.P.R. 101, 104.

## ORDER

For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.